Hay, Judge,
delivered tlie opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $12,196.40.
The Government advertised for s'ale certain material, which was described in the sale list as “ Duck, Waterproof, 29" O. D., 12.4 oz. 46X36 made by John Farnum & Co.” The printed list containing this description of the material was accompanied by a letter, or circular, which stated that the Government w'as offering for sale the textiles named in the list attached to the letter. The letter further stated that inspection of these textiles is invited, and that said inspection might be made at the Zone General Supply Depot, Jefferson-ville. Inch, where the material was stored.
The material, the subject of this suit, 121,964 yards in quantity, w'as bid for by Ira B. Kaplin, the agent of the plaintiff; the bid was made early in November, and the sale was finally consummated early in December, the plaintiff having in November paid to the Government 10 per cent of the amount of its bid $4,451.68, and in December paid the sum of $40,065.18, the balance due by it on its purchase. In accordance Avith the orders of the plaintiff the Government delivered the whole of this material in different lots to the customers of the plaintiff, who lived in different parts of the country.
After the goods were delivered to the customers, some, if not all of them, complained to the plaintiff that the goods delivered to them were not the goods which the plaintiff had described to them in making its offer of sale, and were not equal in v'alue to the goods which had been described to them. The said customers asserted they had been offered 12.4-ounce duck and had received 10.5-ounce duck.
The plaintiff made certain adjustments with its customers, but how much it paid them or what loss it incurred does not appear.
The plaintiff then made a claim upon the Government for • $30,000, but later reduced its demand to $12,196.40, which it claimed was the difference in the market price between the 121,964 yards of 12.4-ounce duck which it bought and 121,964 yards of 10.5-ounce duck which it claimed was delivered by the Government to its customers. The Board of *582 Contract Adjustment disallowed tlie claim. An 'appeal from that decision was taken by the plaintiff to the Secretary of War, who affirmed the decision of the board.
Neither the plaintiff nor its agent inspected the material before bidding or before consummating the sale. Inspection whs invited by the Government, and it was expressly stated that no bids would be received subject to inspection after the bidding. The advertisement of sale and the letter accompanying it, which the plaintiff saw before bidding, put purchasers upon notice and charged them with the duty of seeing what they were buying before they bought. Purchasers were told, in effect, that if they bought something other than they thought they were buying they could not afterw'ards assert a claim upon the ground that they were mistaken in the character and quality of the materials.
The plaintiff in this case did not inspect the goods for which it bid, although it had ample time to do so between the date of its bid and the consummation of the sale. If the pl'aintiff received from the Government a different material from that which it thought it had bought it is not the fault of the Government, and the plaintiff can not recover for its own negligence.
As a matter of fact the Government delivered to the plaintiff exactly the material which it advertised for sale.
The petition of the plaintiff must be dismissed. It is so ordered.
DowNev, Judge; Booth, Judge; 'and Campbell, Chief Justice, concur.